UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
| :-- | :-- |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:17-CR-91-TAV-DCP-7 |
| MELIAH D. SLONE, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on defendant's pro se Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742 [Doc. 729] and Motion for Clarification Pursuant to the First Step Act of 2018 [Doc. 747]. In her motion for review, defendant points out several alleged errors in her sentence and asks the Court to reconsider her sentence [Doc. 729]. Defendant also states that jurisdiction over this matter is proper under 28 U.S.C. § 2241 [*Id*. at 1]. In her motion for clarification, defendant states that she believes she is "entitled to relief based upon section 3624 for 'earned time credit'" [Doc. 747, p. 1].

The government has responded in opposition, arguing that the Court lacks authority to modify defendant's sentence under § 3742, and defendant's motion should be construed as an untimely motion under 28 U.S.C. § 2255 [Doc. 741, pp. 1–2]. The government acknowledges that the First Step Act modified the way the Bureau of Prisons ("BOP") calculates good conduct time credits, but contends that the BOP has the responsibility for administering a defendant's sentence, and defendant cannot seek judicial review until she

has exhausted her administrative remedies [*Id.* at 3]. Further, the government argues that judicial review under § 2241 is only available in the district of confinement, and, because defendant is not confined in this jurisdiction, the Court lacks authority over her motions [*Id.* at 4].

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3742 of Title 18 allows a defendant to appeal an otherwise final sentence under certain circumstances. 18 U.S.C. § 3742(a). This section does not provide any authority for the district court to "reconsider" its sentence. Moreover, although defendant cites § 2241 as providing authority for her motion, § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence" and § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Ultimately, absent any indication that defendant intended to file a motion under § 2255, the Court declines to construe defendant's motion for review as a § 2255 motion,[1] and instead, finds that it lacks any authority to reconsider defendant's sentence.

---

[1] The Supreme Court has held that, when a district court intends to recharacterize a pro se litigant's motion as a first § 2255 motion, the court must first notify the pro se litigant of this intent to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions and provide the litigant with an opportunity to withdraw or amend the motion. *Castro v. United States*, 540 U.S. 375, 383 (2003). Although the government argues that such warning is unnecessary because defendant's motion would nonetheless be time-barred under § 2255 [Doc. 751, p. 2 n.1], the Court nevertheless declines to construe defendant's motion for review as a § 2255 motion

As to her motion for clarification, "[a] prisoner's challenge to the execution of her sentence, including the determination of good time credits . . . is properly brought in a § 2241 petition." *Keith v. Strong*, 1:20-cv-01005, 2020 WL 5377407, at *1 (W.D. Tenn. Sept. 8, 2020). However, "[i]t is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, [s]he must first exhaust h[er] administrative remedies." *Bronson v. Carvaljal*, 4:20-cv-914, 2020 WL 2104542, *2 (N.D. Ohio May 1, 2020) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981)). Moreover, the Supreme Court has held that the plain language of § 2241 limits jurisdiction over such habeas petitions to the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Here, although defendant's challenge to the BOP's calculation of her good time credit may be properly raised in a § 2241 petition, defendant has given no indication that she has exhausted her administrative remedies before filing her motion for clarification with this Court. Moreover, defendant is currently housed at Aliceville Federal Correctional Institution, which is located in the Northern District of Alabama. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 11, 2021). Ultimately, because defendant has not provided any indication that she exhausted her administrative remedies, and has filed her request in the incorrect district, the Court will deny her motion.

---

without providing the *Castro* safeguards, and will not recharacterize the motion as a § 2255 motion.

For these reasons, defendant's pro se Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742 [Doc. 729] and Motion for Clarification Pursuant to the First Step Act of 2018 [Doc. 747] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE